UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:11-CR-39-H

UNITED STATES OF AMERICA                                                    PLAINTIFF

V.

DAVID SCOTT CARDWELL                                                      DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Defendant, David Scott Cardwell, pled guilty before this Court to distribution of child pornography that had been mailed and transported in interstate commerce, receipt of child pornography, and possession of the same. Depicted in some of the images possessed by Defendant was "Amy," a female victim in the Misty child pornography series. Prior to sentencing, Amy's counsel ("Counsel") requested the Court order mandatory restitution, pursuant to the Mandatory Restitution for Sexual Exploitation of Children Act of 1994, 18 U.S.C. § 2259 (1996). For the following reasons, the Court denies Counsel's request.

I.

As this Court has previously discussed, *see United States v. Johnston*, No. 3:10CR-62-H, 2011 WL ____ (W.D. Ky. 2011); *United States v. Pike*, No. 3:10CR-63-H (W.D. Ky. 2011), the ordering of restitution in child-pornography possession cases has yet to be addressed by the Sixth Circuit. However, six other circuit courts have interpreted 18 U.S.C. § 2259 as allowing for such an award. *See generally United States v. Aumais*, 656 F.3d 147 (2d Cir. 2011); *United States v. Wright*, 639 F.3d 679 (5th Cir. 2011)*; United States v. Baxter*, No. 09-30364, 2010 WL 3452537 (9th Cir. Aug. 30, 2010); *United States v. Scott*, 410 F. App'x 166 (10th Cir. 2011); *United States v. McDaniel*, 631 F.3d 1204 (11th Cir. 2011); *United States v. Monzel*, 641 F.3d

528 (D.C. Cir. 2011).

Among these circuits, a divergence of views has emerged regarding the proof required to mandate restitution. Specifically, the Fifth Circuit has held that showing proximate cause between a particular defendant's conduct and a victim's injuries is not necessary to order restitution. *In re Amy Unknown*, 636 F.3d 190, 198-199 (5th Cir. 2011). The Second, Ninth, Tenth, Eleventh, and District of Columbia Circuits disagree, and require a victim to establish that the injuries for which restitution is sought are proximately caused by the particular defendant's possession of child pornography. Beyond this step of the analysis, interpretations of "proximate cause" vary, and a consistent approach has yet to surface.

II.

As noted, the Sixth Circuit has not ruled on this issue. However, assuming that it would act in accordance with the courts which have been presented with the issue, the Court proceeds under the guidance of these decisions. As discussed above, the majority of circuit courts that have ordered restitution in child-pornography possession cases require a victim to show proximate cause between their injuries and a defendant's conduct.

Here, Counsel has provided thorough documentation of Amy's injuries sustained as a result of her being depicted in the Misty child pornography series. Among these are a psychological evaluation and a calculation of Amy's losses by a economics firm. While Counsel has sufficiently established proof of Amy's injuries, the same cannot be said for proximate cause. Counsel has not introduced any evidence relating Amy's injuries to Defendant's conduct. In fact, all the documents submitted to the Court as evidence of entitlement to restitution predate Defendant's indictment. Logic and rulings of the circuit courts which have grappled with this

2

issue dictate that proximate cause cannot exist where a victim's injuries precede a defendant's conduct or prosecution and no additional evidence is produced linking injuries to a particular defendant's conduct.  In light of the sequence of events here, the Court cannot conclude that Defendant's possession of Amy's images was a proximate cause of her injuries.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the request of Amy's counsel for a restitution order is DENIED.

This is a final order.

cc:     Counsel of Record